UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARTIN T. FRANCO, JR.                                CIVIL ACTION

VERSUS                                               NO. 14-2136

CHAIRPERSON OF CLASSIFICATION                        SECTION "H" (2)
TDCJ-ID/W.F. RAMSEY UNIT

## REPORT AND RECOMMENDATION

Petitioner, Martin T. Franco, Jr., is an adjudicated abuser of the writ of habeas corpus with a demonstrable "record of repetitive, vexatious litigation," including that he "continues to file repetitious or frivolous motions for leave to file successive habeas applications." Franco v. Thaler, 2011 WL 2837493, *1-2 (S.D. Tex. July 15, 2011). The captioned petition in this court again seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 as to Franco's 1992 Texas conviction and sentence for aggravated robbery. He alleges that he was convicted in the 33rd District for Llano County, Texas. Record Doc. No. 1, Petition at p. 1. Llano County is located within the Austin Division of the Western District of Texas. 28 U.S.C. § 124(d)(1). Franco is currently incarcerated in the W.F. Ramsey Unit in the Texas Department of Criminal Justice prison system in Rosharon, Texas, which is in Brazoria County in the Galveston Division of the Southern District of Texas. 28 U.S.C. § 124(b)(1).

Franco acknowledges in his petition that "I cannot submit this form in any 'Texas' U.S. District Court, unless I have specific U.S. Court of Appeals - 5th Circuit - permission." "[T]he 5th Circuit 'warned me' of sanctions if I attempted [to] get

permission to file another such petition . . . . Therefore no alternative left but this court."

Record Doc. No. 5 at pp. 8, 10 & 11.

28 U.S.C. § 2241(d) provides:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, <u>the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him</u> and each of such district courts shall have concurrent <u>jurisdiction</u> to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

(emphasis added). The United States Court of Appeals for the Fifth Circuit has held that this statute is jurisdictional. <u>Carmona v. Andrews</u>, 357 F.3d 535, 537 (5th Cir. 2004); <u>Webb v. Beto</u>, 362 F.2d 105, 108 (5th Cir. 1966), <u>cert. denied</u>, 385 U.S. 940, <u>reh'g denied</u>, 386 U.S. 930 (1967). Thus, this court lacks subject matter jurisdiction to consider Franco's petition, since he is not incarcerated in this State or in this district, either at the time he filed his petition or currently, and he was not convicted or sentenced in this State or in this district. Franco has no discernable connection with the State of Louisiana or this federal district court, except, as he admits, to evade the various orders of other courts that have been lodged against him in an attempt to halt his abusive litigation tactics.

Because this court lacks jurisdiction, I also find that it lacks authority to transfer the petition to either the Western District of Texas, where Franco was convicted, or the

2

Southern District of Texas, where Franco is currently incarcerated, either of which is a district where the petition might once have been properly filed. Although some courts have held that such transfer orders may be made, United States ex rel. Ayala v. Tubman, 366 F. Supp. 1268, 1269-71 (E.D.N.Y. 1973); United States ex rel. Ruffin v. Mancusi, 300 F. Supp. 686, 686 (E.D.N.Y. 1969), the better view appears to be that when a habeas corpus petitioner files his petition in a district court that lacks subject matter jurisdiction to grant relief, that court also lacks authority to transfer the case to a court of proper jurisdiction. United States ex rel. Jimenez v. Convoy, 310 F. Supp. 801, 802 (S.D.N.Y. 1970); United States ex rel. Griffin v. LaVallee, 270 F. Supp. 531, 532 (E.D.N.Y. 1967).

Despite the arguably laudatory purposes of transferring such petitions to the correct district (e.g., saving a pro se petitioner the time and expense of refiling), prohibiting such transfers is the better view because "(t)he defect [in such an improperly filed habeas petition] is not merely one of improper venue, but of lack of subject matter jurisdiction, which is fundamental and cannot be disregarded." Jimenez, 310 F. Supp. at 802 (emphasis added). Even a thoroughly and somewhat persuasively reasoned decision like Ayala primarily bases its view that a transfer order is permissible on an interpretation indicating that Section 2241(d) is more in the nature of a venue statute than a jurisdictional statute, 366 F. Supp. at 1270, despite the statute's plain language.

While there is certainly case law authority to support transfer of a case to another district within the same State, there is no such authority authorizing transfer to a district

3

in another State. This court has never been a proper venue nor had jurisdiction over Franco's claims within the meaning of Section 2241(d). A literal interpretation of the statute, particularly its express use of the word "jurisdiction" rather than venue and the clear implication of its second sentence that a permissible transfer is only from one court with jurisdiction to another with jurisdiction, coupled with the Fifth Circuit's clear holding in Webb that the statute is jurisdictional, convinces me that because this court lacks subject matter jurisdiction, it should not address the case further. Accord Lee v. Wetzel, 244 F.3d 370, 373-74 (5th Cir. 2001) (a court does not have discretion to transfer a habeas petition over which it lacks jurisdiction.) "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

In Franco's case, however, there is another, compelling reason why this petition should be dismissed, not transferred. I reiterate that the records of the federal courts in Texas reflect that Franco has attempted to file twenty or more federal habeas petitions since the 1990's. Franco admits that he has been threatened with sanctions for his repeated and unsuccessful attempts to obtain leave from the United States Fifth Circuit to file successive habeas petitions. My research reflects that the federal courts in Texas have imposed monetary and restricted filing sanctions upon Franco because of his continued repetitive and abusive habeas filings. See Franco, 2011 WL 2837493, at *1 (providing a list of dismissed habeas petitions and denied requests for authorization). A

federal district court is without jurisdiction to address any prohibited second or successive petition. 28 U.S.C. § 2244(b). The record of Franco's previous filings is the clearest example of prohibited successive petitions I have seen in recent years. The instant petition is nothing more than an effort by Franco to avoid the sanctions, filing prohibitions and statutory restrictions that bar his claims.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that Franco's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Petitioner is instructed that if he seeks federal habeas corpus relief he must file his petition in the appropriate federal district court in Texas, but only after complying with the orders of that court and obtaining any necessary authorization from the United States Fifth Circuit Court of Appeals.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this \_\_\_\_17th\_\_\_\_ day of October, 2014.

*[signature]*

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.